JEANNOT, PLAINTIFF AND APPELLANT, *v.* DALMAU, DEFENDANT AND APPELLEE. (CENTRAL MACHETE CO., INTERVENOR.)

APPEAL from the District Court of Guayama in an Action of Debt.

No. 3078.—Decided May 1, 1924.

PREFERENCE—AGRICULTURAL ADVANCES—EVIDENCE.—The only evidence adduced at the trial of this case was a private contract of loan secured by a sugar-cane crop in favor of *A*, a simple promissory note payable to the order of *B* and signed by the debtor, and the testimony of the debtor that he had expended the amount of both loans in planting and cultivating the sugar cane. *Held:* That the mere fact that the money was employed in the planting and cultivation of sugar cane could not convert either of the obligations into a contract of agricultural advances.

The facts are stated in the opinion.

*Messrs. A. Porrata Doria* and *M. A. Martínez* for the appellant.

*Mr. J. J. Aponte* for the appellee.

*Mr. J. Tous Soto* for the intervenor.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Eugenio Dalmau, as the lessee of certain real estate, borrowed money from Carmen Jeannot, widow of Ramos, and as security for the loan created a lien upon the cane planted or to be planted upon the leased premises.

Later Mrs. Ramos filed suit in the District Court of Gua-

yama to recover a balance due on this obligation, and attached the growing cane so encumbered.

Thereupon the Central Machete intervened as the holder of an alleged subsequent contract for agricultural advances, and plaintiff in a suit pending against Dalmau in the Municipal Court of Ponce, in which a second attachment had been levied upon the same cane.

The District Court of Guayama, after a hearing on the merits, adjudged the claim asserted by the Central to be a preferred credit, and as such entitled to be first satisfied out of the proceeds of the attached property.

The only evidence adduced at the trial was a simple promissory note payable to the order of the Central, the document first above mentioned and the testimony of Dalmau to the effect that he had used the money obtained from Mrs. Ramos to finish the planting of the cane in question, and had expended the sum received from the Central in the third weeding of the crop. There was nothing whatever to show any definite meeting of the minds of the parties to either contract as to the purpose or purposes for which the money was furnished or was to be expended. In the absence of any evidence whatsoever to the contrary, the debtor in both instances was free to spend the proceeds in such manner as he might deem fit. The mere fact that the money was employed in the planting and cultivation of cane could not convert either of the obligations into a contract of agricultural advances.

There is then no basis for the theory of intervenor as to preference on the ground of a subsequent and therefore superior lien for agricultural advances as between two such unrecorded contracts. On the other hand, an act approved on March 10, 1904, entitled "An Act Authorizing Agriculturists to Contract Loans Guaranteed by Products and Agricultural Implements, and for other Purposes" provides that—

"There shall be admitted, as guaranty for this special kind of

loans, crops gathered, or to be gathered, farm products, grain, seeds, vegetables, alcoholic beverages, molasses, sugar, tobacco, sea salts, building lumber, dry plants, cattle, fowls, carts and portable agricultural machinery and implements."

It is true that the parties to the earlier of the two obligations involved herein did not follow the procedure prescribed by that law; and it may be, and probably is, also true that certain of its provisions such as that permitting a summary foreclosure of the lien would not be available to a creditor who could not produce the formal certificate which is expressly made the basis of that proceeding. But it does not follow that a lien deliberately created upon a growing crop by the owner thereof, without strict compliance with the method prescribed by law and by reason of such omission, is an absolute nullity. The primary purpose of the enactment was to enable such owners to borrow money upon such security; and there is no room for doubt as to the intention of the parties to the agreement first above mentioned to create a lien upon the crop in question as security for the loan.

Nothing, either in the statement filed by the trial judge or in the argument for appellant, aside from the question as to a second and therefore superior contract for agricultural advances already disposed of, to show why, as between the parties to the earlier contract, or as between the first and second attaching creditors herein, the said lien should not be given full force and effect.

But, be this as it may, and for other reasons above stated, the judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.